# EXHIBIT "A"

| | SUM-100 |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Straub Distributing Company, LTD., a California company; and Does 1 through 50, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Juan Garcia, individually, and on behalf of all others similarly situated.

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

08/22/2016 at 04:43:57 PM

Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court

Civil Complex Center
751 West Santa Ana Boulevard, Santa Ana, CA 92701

CASE NUMBER: *(Nº)* 30-2016-00870834-CU-OE-CXC

Judge Gail A. Andler

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kevin E. Chiang 155 N. Lake Avenue, Suite 420, Pasadnea, CA 91101; Telephone (818) 928-5677

DATE: 08/22/2016       ALAN CARLSON, Clerk of the Court       Clerk, by  Georgina Ramirez          , Deputy
*(Fecha)*                                                          *(Secretario)*                   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**08/22/2016** at 04:43:57 PM

Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1  KEVIN W. CHIANG (State Bar No. 252391)
   **EQUITY LEGAL GROUP, P.C.**
2  155 N. Lake Avenue, Suite 420
   Pasadena, California 91101
3  Telephone: (818) 928-5677

4  SHUNT TATAVOS-GHARAJEH (State Bar No. 272164)
   DANIEL J. PARK (State Bar No. 274973)
5  **JUSTICE LAW CORPORATION**
   411 N. Central Avenue, Suite 500
6  Glendale, California 91203
   Telephone: (818) 230-7502
7  Facsimile: (818) 230-7259

8  Attorneys for Plaintiff Juan Garcia

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

Judge Gail A. Andler

| | |
|---|---|
| JUAN GARCIA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>STRAUB DISTRIBUTING COMPANY, LTD., a California company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 30-2016-00870834-CU-OE-CXC<br><br>CX-101<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512;**<br><br>(2) **VIOLATION OF LABOR CODE SECTIONS 510 AND 1194;**<br><br>(3) **VIOLATION OF LABOR CODE SECTION 203;**<br><br>(4) **VIOLATION OF LABOR CODE SECTION 226;**<br><br>(5) **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

1

CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff Juan Garcia ("Plaintiff") hereby submits his Class Action Complaint for Damages against Defendant Straub Distributing Company, Ltd. and DOES 1 through 50, inclusive (collectively, "Defendants"), on behalf of himself and the Class of other similarly situated current and former employees of Defendants, for meal period and rest break wages, minimum and overtime wages, damages, and penalties as follows:

## INTRODUCTION

1. This class action is brought pursuant to Labor Code §§ 203, 226, 226.7, 510, 512, 1194, 1198, Industrial Welfare Commission ("IWC") Wage Order No. 4-2001 (codified as California Code of Regulations, title 8, § 11040), and Business and Professions Code § 17200 *et seq.* (Unfair Competition Law ("UCL")).

2. This Complaint challenges Defendants' systemic illegal employment practices resulting in violations of the stated provisions of the Labor Code and corresponding IWC Wage Order against the putative class of employees.

3. Plaintiff is informed and believes and thereon alleges Defendants jointly and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in (1) failing to pay all meal period wages and rest break wages, (2) failing to pay all minimum and overtime wages, (3) failing to pay all wages due and owing upon termination of employment, (4) failing to provide accurate wage statements, and (5) engaging in unfair business practices.

## JURISDICTION AND VENUE

4. This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

5. This Court has jurisdiction over this action pursuant to California Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction in all causes except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

///

6. This Court has jurisdiction over the violations of Labor Code §§ 203, 226, 226.7, 510, 512, 1194, 1198, IWC Wage Order No. 4-2001, and the UCL.

7. This Court has jurisdiction over all Defendants because, upon information and belief, each party has sufficient minimum contacts in California, or otherwise intentionally avails itself of California law so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

8. Venue is proper in this Court because, upon information and belief, the named Defendants transact business and/or have offices in this county, and the acts and omissions alleged herein took place in this county.

## PARTIES

9. Plaintiff Juan Garcia is an individual residing in the State of California. Defendants employed Plaintiff as a non-exempt employee (Merchandiser) from 2008 to on or about June 2013.

10. Defendants are business entities licensed to do business and actually doing business in the State of California, including the County of Orange.

11. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of Defendants designated as a DOE was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and the Class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

12. At all times herein mentioned, Defendants, and each of them, were agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions

alleged herein were duly committed with ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

13. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to Labor Code §§ 203, 226, 226.7, 510, 512, 1194, 1198, IWC Wage Order No. 4-2001, and the UCL.

## CLASS ACTION ALLEGATIONS

14. **Definition:** Plaintiff seeks class certification pursuant to California Code of Civil Procedure § 382 of all current and former non-exempt employees of Defendants who worked in California and were paid on an hourly basis at any time from August 21, 2012 to the present, including the following Subclasses:

(a) **Meal Period Subclass:** all Defendants' non-exempt employees who worked one or more shifts in excess of six (6) hours in California at any time during the period from August 21, 2012 to the present;

**As an alternative to Subclass (a):** (a)(1) all Defendants' non-exempt employees who worked one or more shifts in excess of six (6) hours in California who were not provided a 30-minute break during which they were relieved of all duties, at any time during the period from August 21, 2012 to the present;

(b) **Rest Break Subclass:** all Defendants' non-exempt employees who worked one or more shifts of three and one-half (3.5) hours or more in California at any time during the period from August 21, 2012 to the present;

**As an alternative to Subclass (b):** (b)(1) all Defendants' non-exempt employees who worked one or more shifts of three and one-half (3.5) hours or more in California who were not provided a paid 10-minute break during which they were relieved of all duties, at any time during the period from August 21, 2012 to the present;

(c) **Overtime Subclass:** all Defendants' non-exempt employees who worked in excess of eight (8) hours in a day or forty (40) hours in a workweek in

4

CLASS ACTION COMPLAINT FOR DAMAGES

California at any time during the period from August 21, 2012 to the present;

(d) **Minimum Wage Subclass** all Defendants' non-exempt employees who worked in California and were not properly paid all minimum wages at any time during the period from August 21, 2012 to the present.

(e) **Terminated Employee Subclass:** all Defendants' non-exempt employees who worked in California at any time during the period from August 21, 2013 to the present, and who were not properly paid all wages on termination or within 72 hours thereof;

(f) **Wage Statement Subclass:** all Defendants' non-exempt employees who worked in California and received an itemized wage statement at any time during the period from August 21, 2013 to the present;

15. **Numerosity:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identities of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records.

16. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

17. Defendants uniformly administered a corporate policy, practice and/or procedure of (1) failing to pay all meal period wages and rest break wages, (2) failing to pay all minimum and overtime wages, (3) failing to pay all wages due and owing upon termination of employment, (4) failing to provide accurate wage statements, and (5) engaging in unfair business practices. Plaintiff alleges this corporate conduct is accomplished with the advance knowledge and designed with intent to willfully withhold appropriate wages for work performed by members of the Class.

///
///

18. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning whether Defendants' policies and practices regularly denied Class Members meal and rest break wages, minimum and overtime wages, accurate wage statements, and all wages due and owing upon termination of employment.

19. **Typicality:** Plaintiff's claims are typical of the claims of all members of the Class. Plaintiff is a member of the Class and has suffered the alleged violations of Labor Code §§ 203, 226, 226.7, 510, 512, 1194, 1198, and IWC Wage Order No. 4-2001, and the UCL.

20. The Labor Code upon which Plaintiff bases his claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

21. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

22. The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with

respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

**23.** Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of the full amount of meal period and rest break wages, and minimum and overtime wages, including interest thereon, attorneys' fees and costs of suit, as well as consequential damages.

**24.** Proof of a common business practice or factual pattern, which Plaintiff experienced and is representative of, will establish the right of each Class Member to recovery on the causes of action alleged herein.

**25.** The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. This action is brought for the benefit of the entirety of all Class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION
## VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512
## REGARDING MEAL PERIOD AND REST BREAK WAGES
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (a), (b), (c), (d) and (e))

**26.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

**27.** In accordance with the mandates of Labor Code § 226.7, 512, and the applicable IWC Wage Order, Plaintiff and the Class and Subclasses (a), (b), (c), (d), and (e) had the right to take a 10-minute rest break for every four (4) hours worked or major fraction thereof, and a 30-minute meal period for every five (5) hours worked.

7
CLASS ACTION COMPLAINT FOR DAMAGES

28. As a pattern and practice, Defendants did not provide employees with meal periods and rest breaks and did not provide proper compensation for this failure. Further, upon information and belief, Defendants regularly deducted a meal period from employees' hours worked, despite employees working and not taking a duty-free meal period.

29. Defendants' policy of failing to provide Plaintiff and the Class and Subclasses (a), (b), (c), (d), and (e) with legally mandated meal periods and rest breaks is a violation of California law.

30. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class Members identified herein, in a civil action, for the balance of the unpaid premium compensation pursuant to Labor Code § 226.7, 512, and the applicable IWC Wage Order, including interest thereon.

31. Defendants' willful failure to provide Plaintiff and the Class and Subclasses (a), (b), (c), (d), and (e) the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## SECOND CAUSE OF ACTION
## VIOLATION OF LABOR CODE SECTIONS 510 AND 1194
## REGARDING OVERTIME WAGES
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (a), (b), (c), (d), (e) and (f))

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33. At all times relevant herein, Defendants were required to compensate their non-exempt employees minimum wages for all hours worked and overtime wages for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek.

///

8
CLASS ACTION COMPLAINT FOR DAMAGES

34. As a pattern and practice, Defendants failed to compensate their employees for all hours worked, resulting in a failure to pay minimum wages and overtime wages, where applicable. For example, Defendants regularly deducted 30 minutes from employees' hours worked, without regard to whether employees actually took 30-minute meal periods. This resulted in Plaintiff and the Class and Subclasses (a), (b), (c), (d), (e), and (f) receiving total wages in an amount less than minimum wage.

35. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class and Subclasses (a), (b), (c), (d), (e), and (f), in a civil action, for the unpaid balance of the full amount of minimum and overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 1194.

36. Defendants' willful failure to provide Plaintiff and the Class Subclasses (d), (e), (f), and (g) the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## THIRD CAUSE OF ACTION
## VIOLATION OF LABOR CODE SECTION 203
## REGARDING WAITING TIME PENALTIES
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (a), (b), (c), (d), and (e))

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38. At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

///

**39.** As a result of Defendants' alleged Labor Code violations alleged above, Defendants regularly failed to pay Plaintiff and the Class and Subclasses (a), (b), (c), (d), and (e) their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

**40.** The conduct of Defendants and their agents and employees as described herein was willfully done in violation of Plaintiff and Class Members' rights, and done by managerial employees of Defendants.

**41.** Defendants' willful failure to provide Plaintiff and the Class and Subclasses (a), (b), (c), (d), and (e) the wages due and owing them upon separation from employment results in a continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTION 226**

**REGARDING RECORD KEEPING**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (a), (b), (c), (d) and (f))**

**42.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

**43.** In violation of Labor Code § 226, Defendants failed in their affirmative obligation to keep *accurate* records regarding the rates of pay for their California employees. For example, as a result of Defendants' various Labor Code violations, Defendants failed to keep accurate records of Plaintiff and Class Members' gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate.

**44.** Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class and Subclasses (a), (b), (c), (d) and (f) in a civil action, for all damages and/or penalties

pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

### FIFTH CAUSE OF ACTION

### FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *et seq.*

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF ALL CLASS MEMBERS)

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

46. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by knowingly denying employees: (1) all meal period wages and rest break wages, (2) all overtime wages and minimum wages, (3) all wages due and owing upon termination of employment, and (4) accurate wage statements.

47. Defendants' utilization of such business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

48. Plaintiff seeks, on his own behalf, and on behalf of other members of the Class and Subclasses who are similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

49. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

50. Plaintiff is informed and believe and based thereon allege that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 *et seq.*, including those set forth above, thereby depriving Plaintiff and the Class and Subclasses the minimum working condition standards and conditions due to them under the California laws and IWC Wage Orders as specifically described therein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class;
2. For an order appointing Plaintiff as the representative of the Class as described herein;
3. For an order appointing counsel for Plaintiff as class counsel;
4. Upon the First Cause of Action, for all meal period and rest break wages owed, and for waiting time wages according to proof pursuant to California Labor Code §203 and for costs;
5. Upon the Second Cause of Action, for all minimum wages owed and overtime wages owed, and for waiting time wages according to proof pursuant to California Labor Code §203, and for costs and attorneys' fees;
6. Upon the Third Cause of Action, for waiting time wages according to proof pursuant to California Labor Code § 203 and for costs;
7. Upon the Fourth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;
8. Upon the Fifth Cause of Action, for restitution to Plaintiff and other similarly affected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*; and

///
///
///
///
///
///
///

9. On all Causes of Action, for attorneys' fees, interest, and costs as provided by California Labor Code §§ 218.6, 226, 1194, and Code of Civil Procedure § 1021.5, and for such other further relief the Court may deem just and proper.

Dated: August 22, 2016							**EQUITY LEGAL GROUP, P.C.**

									By: _____
									       Kevin W. Chiang

									Attorneys for Plaintiff Juan Garcia

CLASS ACTION COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff, for himself and the Class and Subclasses, hereby demands a jury trial as provided by California law.

Dated: August 22, 2016

EQUITY LEGAL GROUP, P.C.

By: _____
Kevin W. Chiang

Attorneys for Plaintiff Juan Garcia